UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KARL AHLERS,

                              Plaintiff,

   v.                                                   9:12-CV-0575 (DNH/TWD)

MAUREEN BOSCO, Acting Director, CNYPC;
JEFFREY NOWICKI, Chief, Mental Health Services;
TERI MAXYMILLIAN, Chief, Mental Health Services,
CNYPC; CHARMAINE BILL, Treatment Team Leader;
JAMES MORGAN, Treatment Team Leader; LINDA
SALERNO, Treatment Team Leader; CYNTHIA
COMSTOCK, Nurse Administrator; MIA TOWNSEND,
Primary Therapist; SCOTT BATES, Clerk 2, CNYPC;
CINDY SAUNDERS, Nurse Administrator; SHELBY
FERGUSON, Secure Care and Treatment Aide; and
SUZANNE GROWER, CNYPC, Keyboard Specialist,

                              Defendants.
_____

APPEARANCES:

KARL AHLERS
61656-305
Plaintiff, pro se
CNY PC
P.O. Box 300
Marcy, NY 13403

DAVID N. HURD
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      Plaintiff Karl Ahlers commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application"). By Decision and Order filed August 10,

2012, plaintiff's IFP application was granted, but following review of the complaint in accordance with 28 U.S.C. § 1915(e), it was found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 4 ("August Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. Plaintiff has now done so. Dkt. No. 5 ("Am. Compl.").[1]

## II.  DISCUSSION

### A.  The Complaint

In the complaint, plaintiff alleged claims relating to his confinement at the Central New York Psychiatric Center ("CNYPC"). *See generally* Compl. He alleged that: (1) his AT&T phone card had improper charges and he was required to pay those fees; (2) he was denied meaningful access to the courts; (3) an improper retaliatory search of his room was conducted on February 1, 2012; (4) his treatment plan was altered; and (5) he was prohibited from making phone calls. *Id.*

After reviewing the complaint it was determined that plaintiff's claims relating to the February 1, 2012 search and the AT&T phone card charges were duplicative of claims that he asserted in previous lawsuits. August Order at 4-6. Additionally, it was found that plaintiff's Fourteenth Amendment claim relating to the improper charges did not state an actionable section 1983 claim. *Id.* Therefore, these claims were dismissed without prejudice. *Id.* Plaintiff's claims regarding access to the courts and alteration of his treatment plan were also dismissed but it was found that plaintiff's claim that defendant Townsend refused to permit plaintiff to make phone calls required a response. *Id.* at 7-9. Plaintiff was

---

[1] Plaintiff refers to exhibits in the amended complaint and the attached affirmation in support. These exhibits were not filed until October 2, 2012 but will be considered part of the amended complaint. Dkt. No. 6.

granted an opportunity to amend his complaint.  *Id.* at 10-11.

### B.   Review of the Amended Complaint

Plaintiff's amended complaint is in large part the same as his original complaint except that he has now attached an affirmation in support to the amended complaint.  *See* Am. Compl.; Dkt. No. 5-1 ("Aff. in Supp.").  Plaintiff claims that minutes were stolen from his calling card and that although he complained, no one corrected the problem.[2]  He further alleges that he later received a number of cash receipts, apparently intended to reimburse him for those minutes, and evidently signed by defendant Bates.  Am. Compl. at 7-8.  However, plaintiff was subsequently told that he owed $180 dollars and was "coerced into permitting defendants to steal back the money in question."  *Id.* at 8-9.  Plaintiff asserts that he was unable to use the phone during much of this time and denied "numerous calls to his attorneys, family and friends."  *Id.* at 9.  More specifically, according to plaintiff, defendant Townsend "repeatedly without explaination [sic] nor due process, refused to permit Plaintiff to make and/or delayed permission to telephone Plaintiff's attorneys as well as refusing to permit Plaintiff . . . to make collect calls [] to friends, family, and/or his support group []."  *Id*. at 11-12.

Plaintiff also complains that on April 8, 2011, his assigned sleeping quarters were searched without "probable cause."[3]  Plaintiff alleges that this search was conducted improperly for a number of reasons, including that "CNYPC Policy 5.15" was not followed.

---

[2] The allegations relating to the AT&T calling card remain essentially unchanged from the complaint to the amended complaint.  *Compare* Compl. at 6-8 *with* Am. Compl. at 6-8.

[3] Both the complaint and the amended complaint also contain allegations regarding a February 1, 2012 search.  However, in his affirmation in support, plaintiff clarifies that it is the April 8, 2011 search that is the subject of this lawsuit, as the February 1, 2012 search is the subject of another lawsuit.  Aff. in Supp. at 2.

Aff. in Supp. at 3-4.  According to plaintiff, during the April search, defendant Saunders "ordered Plaintiff to 'get rid of' legal papers" and "threatened to throw them in the garbage." *Id.* at 2.  Plaintiff claims that he labeled these files "A" through "S" and placed them in a cardboard box to be sent to his long term storage area.  *Id.* at 2.  He asserts that he has since requested "File A" a number of times but it has not been located.  Plaintiff alleges that the loss of "File A" "has been instrumental in having many items dismissed in the instant matter."[4]  *Id.* at 3.  For a complete statement of plaintiff's claims, reference is made to the entire amended complaint.  Dkt. Nos. 5, 6.

      Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Therefore, it must be determined whether plaintiff may properly maintain his amended complaint before permitting him to proceed IFP. Although a court has the duty to show liberality towards *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), a court also has the responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action in forma pauperis.  "Dismissal of frivolous actions pursuant to 28 U.S.C.

---

[4] The file apparently contains "at best 24 exhibits and pieces of evidence . . . ." *Id.* at 4.  Based on the exhibits that plaintiff submitted, it appears that this file includes "telephone info."  Dkt. 6 at 1.

4

§ 1915(e) is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, at *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Id.* at 325.

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure.  Rule 8 provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

In light of plaintiff's pro se status, the amended complaint has been reviewed thoroughly and the allegations thereof have been read liberally in the light most favorable to him.  Construed in this light, the amended complaint asserts claims relating to the following events that have occurred at CNYPC:  (1) charges related to plaintiff's AT&T calling card;

(2) searches of plaintiff's sleeping quarters; (3) destruction or loss of plaintiff's files; and (4) refusal to permit plaintiff to use the telephone.

### 1. Calling Card Charges

Plaintiff was advised in the August Order and in a prior civil rights action that he filed that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also* August Order at 4-6; *Ahlers v. Maxymillian*, No. 9:10-CV-1424 (GTS/DRH), Dkt. No. 4 at 11.  Since New York affords an adequate post deprivation remedy via a Court of Claims action, plaintiff fails to state a claim with respect to lost funds from his AT&T phone card.  *See Collins v. Goord*, 438 F. Supp. 2d 399, 418-19 (S.D.N.Y. 2006).

Therefore, plaintiff's claims relating to the calling card charges will be dismissed.

### 2. Search of Plaintiff's Sleeping Quarters

Plaintiff alleges that his sleeping quarters were searched on April 8, 2011, without probable cause.[5]

The Fourth Amendment to the United States Constitution prohibits "unreasonable" searches.  Involuntarily committed individuals do not have a right to privacy in their cells, and therefore cannot challenge a cell search under the Fourth Amendment.  *See*, *e.g.*, *Lombardo v. Holanchock*, No. 07- Civ- 8674, 2008 WL 2543573, at *8 (S.D.N.Y. Jun. 24, 2008). Additionally, to the extent plaintiff claims that the cell search violated CNYPC Policy 5.15,

---

[5] As explained in the August Order, the search in February 2012 is the subject of another lawsuit. August Order at 6-7.  In response, plaintiff limited his claim to the April 2011 search.

"[e]levating a state-mandated procedure to the status of a constitutionally protected liberty or property interest, would make process an end in itself rather than a requirement whose constitutional purpose is to protect a substantive interest in which the individual has a claim of entitlement." *Sealed Plaintiff v. Sealed Defendant*, 332 F.3d 51, 57 n.5 (2d Cir. 2003) (citations and internal quotation marks omitted); *see also Taylor v. Fischer*, 841 F. Supp. 2d 734, 738 (W.D.N.Y. 2012) ("Plaintiff's allegations that defendants failed to follow New York regulations and prescribed procedures with respect to the disciplinary charges against him also fail to support his § 1983 claims. Those alleged procedural violations do not implicate plaintiff's constitutional rights.") (citations omitted).

Therefore, plaintiff's claims relating to the searches of his sleeping quarters will be dismissed.

### 3. Destruction of Plaintiff's Property

### a. Denial of Access to the Courts

The Constitution guarantees prisoners meaningful access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating both (1) that the defendant acted deliberately and maliciously, and (2) that the plaintiff suffered an actual injury. *Lewis*, 518 U.S. at 353. To establish an "actual injury," plaintiff must show that "the defendant's conduct frustrated the plaintiff's efforts to pursue a non-frivolous claim." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citation omitted). "To satisfy the requirement that the underlying claim not be frivolous, a plaintiff must describe the claim well enough for the court to determine whether the claim had an arguable basis in either law or fact." *Rosario v. Fischer*, No. 11 Civ 4617, 2012 WL 4044901,

at *7 (S.D.N.Y. Aug. 28, 2012).

Plaintiff merely concludes that his inability to retrieve this file "has been instrumental in having many items dismissed in the instant matter." Aff. in Supp. at 3. Plaintiff has still failed to allege facts to plausibly show that the alleged destruction resulted in an "actual injury." The conclusory statement that he believes his claims were dismissed because he does not have the documents he needs is insufficient. For example, he does not explain what these missing documents are, or how they would help his claims. Similarly, he has not explained which claims would not have been dismissed, nor shown that these claims were non-frivolous. Indeed, to the extent plaintiff believes that his claims that will be dismissed in this Decision and Order would survive the initial review if he had the documentary evidence in "File A," he is mistaken. The claims are not being dismissed for lack of proof, but lack of merit.[6] There are no documents that would save these claims. Therefore, plaintiff has not described a non-frivolous claim that defendants have frustrated by destroying his legal documents.

For these reasons, plaintiff fails to state a claim for denial of access to the courts based on the alleged destruction of his property.

**b. Fourteenth Amendment Due Process**

To the extent that plaintiff alleges a claim relating to the destruction of his property under the Fourteenth Amendment to the United States Constitution, he fails to state a claim:

> Even an intentional deprivation of an inmate's property that is random and unauthorized does not give rise to a due process claim so long as "adequate

---

[6] This is particularly true to the extent the missing files are indeed "telephone info" as they are identified in plaintiff's exhibits. Dkt. No 6 at 1. Plaintiff's claims regarding the improper charges on his AT&T calling card were the subject of another lawsuit and, in any event, do not state a section 1983 claim.

state post-deprivation remedies are available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). New York law provides such a remedy in the form of an action before the New York Court of Claims. *See* N.Y. Ct. Cl. Act § 9 (McKinney 1989 & Supp. 2005); *Diaz v. Coughlin*, 909 F. Supp. 146, 150 (S.D.N.Y. 1995) (dismissing property deprivation due process claim because inmate could bring action in Court of Claims); *McCorkle v. Juchenwicz*, No. 94 Civ. 6363 (TPG), 1999 WL 163205, at *4 (S.D.N.Y. Mar. 23, 1999) (same); *Gadson v. Goord*, No. 96 Civ. 7544 (SS), 1997 WL 714878, at *7 (S.D.N.Y. Nov. 17, 1997) (same); *Ifill* [*v. Goord*, No. 03-CV-355S,] 2005 WL 2126403, at *6 [W.D.N.Y. Sep. 1, 2005] (same).

*Collins v. Goord*, 438 F. Supp. 2d 399, 418-19 (S.D.N.Y. 2006).

Therefore, plaintiff's claims regarding the destruction of his property will be dismissed.

### 4. Refusal to Permit Plaintiff to Use the Phone

As noted in the August Order, liberally construing the complaint, and mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see*, *e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), a response to plaintiff's claims regarding defendant Townsend's refusal to permit him to use the telephone will be required. In so ruling, no opinion is expressed as to whether plaintiff's claims can withstand a properly filed motion to dismiss or motion for summary judgment.

### 5. Defendants

Plaintiff's only surviving claim following review of his amended complaint is that related to defendant Townsend's refusal to permit him to use the telephone. The remaining defendants do not appear to have been involved in this decision, and will therefore be dismissed.[7]

---

[7] It is further noted that defendant Comstock is mentioned in the caption and in the list of parties, but there do not appear to be any factual allegations against her.

**III.   CONCLUSION**

Therefore, it is

ORDERED that

1. Plaintiff's amended complaint is accepted for filing against defendant Mia Townsend;

2. Defendants Maureen Bosco, Jeffrey Nowicki, Teri Maxymillian, Charmaine Bill, James Morgan, Linda Salerno, Cynthia Comstock, Scott Bates, Cindy Saunders, Shelby Ferguson, and Suzanne Grower are **DISMISSED** from this action;

3. Plaintiff's claims regarding:  (1) his AT&T calling card; (2) the April 2011 and February 2012 searches of his sleeping quarters; and (3) his denial of access to the courts or due process claims arising from the destruction of his property are **DISMISSED with prejudice**;

4. The Clerk shall issue a summons and forward it, along with a copy of the amended complaint, to the United States Marshal for service upon defendant Mia Townsend.  The Clerk shall forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order;

5. A response to plaintiff's amended complaint be filed by the defendant Mia Townsend or her counsel with respect to the claim that survived (the refusal to permit plaintiff to use the telephone) as provided for in the Federal Rules of Civil Procedure after service of process on the defendant;

6. All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal

Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify, in writing,  the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and

    7.  The Clerk serve a copy of this Decision and Order on plaintiff.

    IT IS SO ORDERED.

_____
United States District Judge

Dated:  December 20, 2012
       Utica, New York.